**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FRANK BESSER, SR.,

                        Plaintiff,

- v -                                          Civ. No. 3:16-CV-850
                                                                             (DJS)[1]

NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,[2]

                        Defendant.

**APPEARANCES:**                                     **OF COUNSEL:**

OLINSKY LAW GROUP                    HOWARD D. OLINSKY, ESQ.
*Attorney for Plaintiff*
300 S. State Street
Suite 420
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     LAUREN E. MYERS, ESQ.
*Attorney for Defendant*
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

      In this action, Plaintiff Frank Besser, Sr., moves, pursuant to 42 U.S.C. § 405(g), for review

of a decision by the Acting Commissioner of Social Security denying his application for Disability

---

[1] Upon the Plaintiff's consent, the United States's general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 6 & General Order 18.

[2] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this suit.

Insurance Benefits ("DIB") and Period of Disability ("POD").³ Based upon the following discussion, the Acting Commissioner's decision denying Social Security benefits is **affirmed**.

## I. BACKGROUND

Besser, born on April 23, 1958, filed an application for DIB and POD on June 14, 2013, claiming an inability to work as of February 9, 2013, due to a variety of ailments, including chronic obstructive pulmonary disease ("COPD"), obstructive sleep apnea, knee arthritis, pinched nerve in the neck, and herniated disc. Dkt. No. 8, Admin. Tr. [hereinafter "Tr."] at pp. 13, 52-53, 61, 63, 125-28, 138, & 141. Besser completed ninth grade and has past relevant work as a security guard. *Id*. at pp. 142 & 143.

Besser's disability application was denied on initial review. *Id*. at pp. 61 & 64-75. On August 21, 2014, a Hearing was held before Administrative Law Judge ("ALJ") Carl E. Stephan; Besser, who was accompanied by an attorney, was the only witness to testify during the Hearing. *Id*. at pp. 26-51. On August 30, 2014, ALJ Stephan sent a vocational interrogatory to Peter Manzi, a Vocational Expert ("VE"). *Id*. at pp. 190-95. VE Manzi responded to the interrogatory on September 15, 2014. *Id*. at pp. 196-99. Plaintiff's representative also sent a vocational interrogatory to the VE, *id*. at pp. 203-05, and VE Manzi responded to that interrogatory on October 29, 2014, *id*. at pp. 212-14.

On February 6, 2015, ALJ Stephan issued an unfavorable decision finding that Besser was not disabled. *Id*. at pp. 10-25. On May 13, 2016, the Appeals Council concluded there was no basis to review the ALJ's decision, thus rendering the ALJ's decision the final determination of the Acting

---

³ This case has proceeded in accordance with General Order 18, which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed Briefs, though oral argument was not heard. Dkt. Nos. 11, Pl.'s Br., & 12, Def.'s Br.

Commissioner. *Id*. at pp. 1–4. Exhausting all of his options for review through the Social Security Administration's tribunals, Plaintiff now brings this appeal.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), the proper standard of review for this Court is not to employ a *de novo* review, but rather to discern whether substantial evidence supports the Commissioner's findings and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325–26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Succinctly defined, substantial evidence is "more than a mere scintilla" of evidence scattered throughout the administrative record; rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938); *see also Williams ex. rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an [Administrative Law Judge's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex. rel. Williams v. Bowen*, 859 F.2d at 258.

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d at 258; 42 U.S.C. § 405(g). However, where the weight of the evidence does not meet the requirement for substantial evidence or a reasonable basis

for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson v. Bowen*, 817 F.2d at 986.

## B. Determination of Disability

To be considered disabled within the meaning of the Social Security Act, a plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore, the claimant's physical or mental impairments must be of such severity as to prevent engagement in any kind of substantial gainful work which exists in the national economy. *Id.* at § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner follows a five-step analysis set forth in the Social Security Administration Regulations. 20 C.F.R. § 404.1520. At Step One, the Commissioner "considers whether the claimant is currently engaged in gainful activity." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). If the claimant is engaged in substantial gainful activity, he or she is not disabled and the inquiry ends. 20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to Step Two and assesses whether the claimant suffers from a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* at § 404.1520(c). If the claimant suffers from a severe impairment, the Commissioner considers at Step Three whether such impairment(s) meets or equals an impairment listed in Appendix 1, in Part 404, Subpart P of the Regulations. *Id.* at § 404.1520(d). The Commissioner makes this assessment without considering vocational factors such as age, education, and work experience. *Berry v. Schweiker*, 675 F.2d at 467. Where the claimant

has such an impairment the inquiry ceases as he or she is presumed to be disabled and unable to perform substantial gainful activity. *Id*. If the claimant's impairment(s) does not meet or equal the listed impairments, the Commissioner proceeds to Step Four and considers whether the claimant has the residual functional capacity ("RFC")[4] to perform his or her past relevant work despite the existence of severe impairments. 20 C.F.R. § 404.1520(e). If the claimant cannot perform his or her past work, then at Step Five, the Commissioner considers whether the claimant can perform any other work available in the national economy. *Berry v. Schweiker*, 675 F.2d at 467; 20 C.F.R. § 404.1520(f).

Initially, the burden of proof lies with the claimant to show that his or her impairment(s) prevents a return to previous employment (Steps One through Four). *Berry v. Schweiker*, 675 F.2d at 467. If the claimant meets that burden, the burden then shifts to the Commissioner at Step Five to establish, with specific reference to medical evidence, that the claimant's physical and/or mental impairment(s) are not of such severity as to prevent him or her from performing work that is available within the national economy. *Id*.; 42 U.S.C. § 423(d)(2)(A); *see also White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). In making this showing at Step Five, the claimant's RFC must be considered along with other vocational factors such as age, education, past work experience, and transferability of skills. 20 C.F.R. § 404.1520(f); *see also New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

### C. ALJ Stephan's Findings

As noted above, Besser appeared and testified at the ALJ Hearing. Tr. at pp. 26-51. In

---

[4] "Residual functional capacity" is defined by the Regulations as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

addition to such testimony, the ALJ had Besser's medical records consisting of treatment reports and opinions from various treating and/or consulting physicians. *Id.* at pp. 220-413.

ALJ Stephan noted initially that, for DIB purposes, Besser met the insured status requirements of the Social Security Act through September 30, 2013. *Id*. at pp. 13 & 15. Using the five-step disability evaluation, ALJ Stephan found that: (1) Besser had not engaged in any substantial gainful activity since February 9, 2013, the alleged onset disability date; (2) he has severe medically determinable impairments, namely degenerative disc disease in the cervical and lumbar spine, COPD, asthma, and arthritis in the knees, but his depression and status post fracture right ankle are not severe; (3) his severe impairments do not meet nor medically equal any impairment listed in Appendix 1, Subpart P of Social Security Regulation No. 4; and (4) he retains the RFC to perform a range of light work, as defined by the Regulations, with certain other restrictions, and, as such, he could return to his prior work as a security guard and was therefore not disabled. *Id.* at pp. 15-21.

### D. Plaintiff's Contentions

In his Brief, Plaintiff contends that the ALJ erred when, in formulating the RFC, he improperly assessed Plaintiff's credibility and failed to give significant weight to the lifting, walking, squatting, and bending restrictions assessed by Justine Magurno, M.D., a medical expert.

As noted above, the Commissioner assesses a claimant's RFC as a basis for determining the particular types of work the claimant may be able to do despite the existence of physical and/or mental impairments. *See* 20 C.F.R. § 404.1545(a); 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(c). In qualifying work in the national economy, the Regulations classify and define jobs according to their physical exertion requirements as sedentary, light, medium, heavy, and very

heavy. 20 C.F.R. § 404.1567. In determining RFC, the ALJ can consider a variety of factors including a treating physician's or examining physician's observations of limitations, the plaintiff's subjective allegations of pain, physical and mental abilities, as well as the limiting effects of all impairments even those not deemed severe. *Id*. at § 404.1545(a).

In accordance with the Regulations, every medical opinion, regardless of its source, is considered and weighed. *Id*. at § 404.1527(c). In deciding what weight, if any, an ALJ should accord to medical opinions, he or she may consider a variety of factors including "[t]he duration of a patient-physician relationship, the reasoning accompanying the opinion, the opinion's consistency with other evidence, and the physician's specialization or lack thereof[.]" *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (discussing, *inter alia*, 20 C.F.R. § 404.1527). An ALJ may not "arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). Where conflicts arise in the medical evidence, resolution of such is properly entrusted to the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)).

Furthermore, pursuant to 20 C.F.R. § 404.1529(a), subjective pain will be considered in determining a claim for disability to the extent in which "symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Symptoms such as pain are to be considered by the ALJ at all steps of the disability determination. 20 C.F.R. § 404.1529(a) & (d). A claimant's statements about the persistence, intensity, and limiting effects of these symptoms are evaluated in the context of all objective medical evidence, which includes medical signs and laboratory findings. *Id*. at § 404.1529(c)(4). Once medically objective evidence is submitted, the

ALJ must identify the severity of the pain and whether that pain will limit the claimant's ability to work. *Id*. at § 404.1529(c). "It is well settled that 'a claimant's subjective evidence of pain is entitled to great weight' where . . . it is supported by objective medical evidence." *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir. 1992) (quoting *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)). However, in a case where subjective symptoms are identified, "the ALJ has discretion to evaluate the credibility of the claimant and to arrive at an independent judgment, in light of the medical findings and other evidence, regarding the true extent of the pain alleged." *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y 1987). Where the ALJ resolves to reject subjective testimony with regard to pain and other symptoms, he or she "must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his [or her] determination is supported by substantial evidence." *Id*. at 608 (citing, *inter alia*, *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1045 (2d Cir. 1984)). In evaluating a claimant's complaints of pain, an ALJ must consider several factors set forth in the Regulations including:

> (i) [The claimant's] daily activities;
> (ii) The location, duration, frequency, and intensity of [claimant's] pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication [claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms;
> (v) Treatment, other than medication, [claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms;
> (vi) Any measures [claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms (e.g., lying flat on [his or her] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning [claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

ALJ Stephan reviewed the medical record and opinion evidence and determined that Besser

had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except: claimant could lift and carry twenty pounds occasionally and ten pounds frequently; claimant could stand and walk for six hours in an eight-hour workday with normal breaks; claimant could sit for six hours in an eight-hour workday with normal breaks; claimant could frequently climb, balance, stoop, kneel, and crawl; and claimant could not be exposed to concentrated respiratory irritants or be frequently exposed to extremes in temperature or humidity.

Tr. at p. 16.

In rendering this RFC, the ALJ generally found that Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible because they were inconsistent with the medical evidence as well as Besser's reporting of his activities of daily living. *Id*. at pp. 17-19. For example, in paperwork submitted to the SSA, Plaintiff claimed that he could not lift, stand, walk, sit, climb stairs, kneel, squat, reach, and use his hands "in repetition." *Id*. at pp. 159-60. And, he claimed that he could not walk more than three-to-four blocks before having to stop to rest for fifteen-to-twenty minutes. *Id*. at p. 161. But, he also reported that he could prepare his own meals, drive himself places four-to-five times a week, take care of most of his personal needs independently, and perform house and yard work such as light vacuuming, laundry, and mowing the lawn with a riding mower. *Id*. at pp. 155-57.

During the Hearing, Plaintiff testified that he drove approximately forty-five to fifty minutes to get to the Hearing. *Id*. at p. 30. When asked why he stopped working, Plaintiff explained that he stopped working on March 7, 2014, a date falling after his date last insured, due to surgery he had on his right ankle, which he had fractured on February 15, 2014, and because of arthritis in his knee. *Id*. at p. 35. He further testified that he experiences a lot of pain in his knees when he walks and that pain in his back radiates to his buttocks and hamstring. *Id*. at p. 38. Besser also noted that he takes medication which helps lessen the pain associated with his knee and back conditions. *Id*. at pp. 36-

37.

The ALJ also took into account the fact that during the Hearing, Plaintiff testified to having stopped smoking in August 2013, yet medical records contradict such a claim, such as treatment notes from January 13, 2014, April 15, 2014, and June 17, 2014, which indicate that Plaintiff continued to smoke everyday. *Id*. at p. 19 (citing Tr. at pp. 330-32, 368, & 383-86). And the ALJ took note of the fact that despite complaints of pain, Besser has not received treatment from an orthopedist or pain management specialist. *Id*. at pp. 18-19. Indeed, the medical record reflects that physical therapy and home exercise/stretching resulted in some improvement with pain in Plaintiff's lumbar spine, and Plaintiff did not receive any injections nor was there any recommendation for surgery. *Id*. at pp. 18, 239-48, & 266.

In light of the above, I find that the ALJ properly assessed Plaintiff's credibility and sufficiently stated his reasoning for finding Plaintiff not fully credible. Although the ALJ may not have discussed all credibility factors listed in 20 C.F.R. § 404.1529(c)(3), he explained his credibility assessment, pointing to record evidence, and any purported "failure to discuss those factors not relevant to his credibility determination does not require remand." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013); *see also Cass v. Comm'r of Soc. Sec.*, 2016 WL 8732514, at *9 (N.D.N.Y. Jan. 22, 2016) (citing *Cichocki* for the same proposition); *Cheek v. Comm'r v. Soc. Sec.*, 2015 WL 3857253, at *14 (N.D.N.Y. June 22, 2015) (same).

With regard to the opinion evidence in the record, the ALJ gave little weight to the opinion rendered on January 13, 2014, by Michael Freeman, M.D., wherein he assessed that Plaintiff was incapable of performing sedentary work. Tr. at pp. 19-20 & 300-03. The ALJ determined that Dr. Freeman's findings are "grossly inconsistent" with the medical evidence as well as Plaintiff account

of his activities; Plaintiff does not challenge the ALJ's assessment of Dr. Freeman's opinion. *Id*. at p. 20.

The other opinion evidence contained in the record was rendered by Justine Magurno, M.D., a consultive examiner, who, following an internal medicine examination conducted on August 27, 2013, issued a medical source statement, which stated as follows:

> [Besser] should avoid dust, fumes, and other known lung irritants. There should be no more than moderate levels of physical exertion. He has marked limitations for squatting and lifting and moderate for carrying, bending, prolonged walking, and repetitive neck motion. There is mild limitation for standing.

*Id*. at p. 291.

The ALJ gave significant weight to Dr. Magurno's opinion to the extent that such findings were consistent with her clinical observations and with the record as a whole. *Id*. at p. 20. However, little weight was given to Dr. Magurno's finding that Besser was markedly limited in his ability to lift, and the restrictions noted for walking, squatting, and bending were not fully adopted. *Id*.

During the August 27, 2013 consultive examination, Dr. Magurno noted that Plaintiff did not appear to be in any acute distress, but he did have a slightly right antalgic gait. *Id*. at p. 289. Plaintiff presented with a cane, which he claimed was recommended, though not prescribed, by his doctor. *Id*. Plaintiff indicated that he uses the cane because his hip slips and it gives him security. *Id*. Dr. Magurno observed that his gait with the cane was not synchronized and she did not feel that the cane was medically necessary. *Id*. Dr. Magurno felt that the bilateral knee braces were medically necessary, but the back brace Plaintiff presented, which was secured with velcro, would only be necessary for holding heat on his back. *Id*. Plaintiff did not need any help changing for the exam nor getting on and off the exam table; he had mild difficulty rising from his chair. *Id*. Plaintiff's stance was normal but squatting was one-third of full while holding onto the table. *Id*.

Upon examination, Plaintiff had full flexion of his cervical spine, presented no scoliosis, kyphosis, or abnormality in the thoracic spine, and had flexion 65 degrees in lumbar spine, with full extension, full lateral flexion bilaterally, and full rotary movement bilaterally. *Id*. at p. 290. Straight leg raising was negative bilaterally. *Id*. Plaintiff also had full range of motion of his shoulders, elbows, forearms, and wrists bilaterally. *Id*. And he displayed full range of motion of his hips bilaterally, except flexion 90 degrees. *Id*. Plaintiff had no sensory deficit. *Id*.

As noted above, the ALJ assigned significant weight to those portions of Dr. Magurno's assessment to the extent such were consistent with the exam she performed as well as other evidence in the record. Indeed, it is the ALJ's responsibility to weigh medical opinions and accept them to the extent such are consistent with and supported by the medical evidence of record. Contrary to Plaintiff's view, in rendering the RFC assessment, ALJ Stephan, after reviewing the entire medical record, did not ignore the totality of Dr. Magurno's opinions as the RFC clearly includes limitations associated with frequent bending, walking, and stooping. *Id*. at p. 16. Such limitations are consistent with Dr. Magurno's clinical examination as well as other evidence contained in the medical record which show intact gait, balance, and coordination. *Id*. at pp. 256, 260, 261, 290, & 307. Where Dr. Magurno's assessments, however, were not supported by the record, or by her own exam, the ALJ was entitled to give little weight to such assessment, as he did in the case of her finding that Plaintiff was markedly limited in his ability to lift. As the ALJ noted, Plaintiff displayed full range of motion throughout his upper extremities as well as full strength in his upper extremities. *Id*. at p. 20 & 290. While Plaintiff contends that lifting correlates more from the legs, which present issues for him. Pl.s' Br. at pp. 8-9. However, during Dr. Magurno's examination, strength in his lower extremities was full (5/5) distally and near full (4/5) proximally.

In considering the medical evidence as well as the clinical observations and findings set forth in Dr. Magurno's report, I find that the ALJ properly considered and applied appropriate weight to those portions of the expert medical opinion rendered by Dr. Magurno, whose credentials are uncontested,[5] for which there was support in the record. The ALJ is entitled to weigh the evidence before him and determine and accept findings that are consistent with the evidence in the record. Because the ALJ properly considered the entire medical record, properly explained the weight he afforded to each medical opinion, and because his decision is supported by substantial evidence, I find no basis for reversing and remanding the final decision of the Acting Commissioner.

### III. CONCLUSION

In light of the above, I find that as to the arguments raised by Plaintiff on appeal, the ALJ did not commit any legal errors and his findings are supported by substantial evidence in the record. As such, it is hereby

**ORDERED**, that the Acting-Commissioner's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

**SO ORDERED**.

Date: June 30, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] Per the Regulations, State agency medical consultants are "highly qualified" individuals "who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i).